IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| YADKIN RIVERKEEPER, INC., and ) | | |
| WATERKEEPER ALLIANCE, INC. ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | 1:14-cv-753 | |
| ) | | |
| DUKE ENERGY CAROLINAS, LLC, ) | | |
| ) | | |
| Defendant. ) | | |

**ORDER**

On October 20, 2015, this Court entered an order (the "October 20 Order") denying Duke Energy's Motion to Dismiss Plaintiffs' Complaint and Motion to Stay. (ECF No. 50.) Now before the Court are (1) Duke Energy's Motion to Certify for Interlocutory Appeal (ECF No. 57), (2) Duke Energy's Motion to Stay Pending Resolution of Interlocutory Appeal (ECF No. 59), and (3) Utility Water Act Group's Motion for Leave to File *Amicus Curiae* Brief (ECF No. 63). For the reasons outlined herein, the Court denies each motion.

**I. INTERLOCUTORY APPEAL**

Duke Energy requests, pursuant to 28 U.S.C. § 1292(b), that this Court certify for interlocutory appeal two of the four questions decided by the Court in its October 20 Order. Duke Energy's request involves the Court's decision related to Plaintiffs' Hydrological Connection Claim and its Removed Substances Claim.[1]

---

[1] The Court declines to adopt Duke Energy's characterization of the "questions decided" in the Court's October 20 Order. The Order speaks for itself.

"[I]immediate appeal of a certified question is an extraordinary remedy" that is "not to be granted lightly." Fannin v. CSX Transp. Inc., 873 F.2d 1438, 1989 WL 42583, at *2 (4th Cir. 1989) (per curiam) (unpublished table decision). Rather, it is reserved for "exceptional circumstances [that] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Id.; see Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865–66 (2d Cir. 1996) (discussing the legislative history and purpose of § 1292(b)). To certify an order for interlocutory appeal, the district court must "be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (2012); Flame S.A. v. Freight Bulk Pte. Ltd., 762 F.3d 352, 356 n.5 (4th Cir. 2014). If any requirement is not satisfied, certification is inappropriate. In re Charlotte Commercial Grp., Inc., No. 01-52684C-11W, 2003 WL 1790882, at *2 (M.D.N.C. Mar. 13, 2003). Further, even if all requirements are satisfied, "the district court has 'unfettered discretion' to decline to certify an interlocutory appeal if exceptional circumstances are absent." Manion v. Spectrum Healthcare Res., 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013). The party seeking certification bears the burden of persuading the court that exceptional circumstances exist. Fannin, 1989 WL 42583, at *2.

The fact that an interlocutory appeal "*may* save pre-trial and trial effort and expense," as argued by Duke Energy, while a consideration, "is not determinative." Fannin, 1989 WL 42583, at *5; accord Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005). In this case, prompt resolution of the litigation is of particular concern, as the alleged

water pollution is ongoing.  Nor is the Court persuaded that an interlocutory appeal will materially advance the ultimate termination of this litigation.  An interlocutory appeal would likely interrupt the progress of the case and potentially prolong its disposition.  See Blair v. Equifax Check Servs., Inc., 181 F.3d 832, 835 (7th Cir. 1999).  Special care must be taken to avoid the risk that appeal may actually impede, rather than expedite, conclusion of the entire case, particularly when potential health risks have been alleged, as in this case.  See Fisons Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir. 1972).

Duke Energy has failed to carry its burden of demonstrating extraordinary circumstances to warrant the relief sought.  The Court thus declines, in its discretion, to certify the October 20 Order or any issue arising out of the Order for interlocutory appeal. This decision moots Duke Energy's Motion to Stay.

## II.     AMICUS CURIAE BRIEF

In support of Duke Energy's request for certification, the Utility Water Act Group ("UWAG") moves for leave to file an amicus brief.  (ECF No. 63.)  Local rules require amicus briefs to state "why the matters asserted are relevant to the disposition of the case." L.R. 7.5.  In its proposed brief, UWAG does not address the requirements for certification under 28 U.S.C. § 1292(b).  It focuses instead on the impact of the Court's rulings, (see Proposed Amicus Br. 6–10, ECF No. 63-1), which is not helpful in resolving the issue of certification.  See Caraballo-Seda, 395 F.3d at 9 (stating that the "tremendous implications" of a case do not determine whether interlocutory appeal is appropriate).  Moreover, in light of this Court's ruling on Duke Energy's motion, UWAG's motion is likewise denied.

IT IS THEREFORE ORDERED that Duke Energy's Motion to Certify for Interlocutory Appeal (ECF No. 57) is DENIED.

IT IS FURTHER ORDERED that Duke Energy's Motion to Stay Pending Resolution of Interlocutory Appeal (ECF No. 59) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Utility Water Act Group's Motion for Leave to File *Amicus Curiae* Brief (ECF No. 63) is DENIED.

This, the 29th day of January, 2016.

/s/ Loretta C. Biggs
United States District Judge